UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JONATHAN R. WELDON                                    CIVIL ACTION

VERSUS                                                NO. 12-2836-MLCF-SS

LOOMIS INTERNATIONAL, INC.

## REPORT AND RECOMMENDATION

The motion of the plaintiff, Jonathan R. Weldon ("Weldon"), to enforce settlement agreement was referred for hearing, including an evidentiary hearing, if necessary, and submission of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B). Rec. doc. 70. For the reasons described below, it is recommended that Weldon's motion to enforce settlement agreement (Rec. doc. 53) be denied.

## PROCEDURAL BACKROUND

On February 22, 2012, Weldon was employed by CUD Energy Services ("CUD") on an oil rig owned by Loomis International, Inc. ("Loomis"), when he was injured. Rec. doc. 1. On November 27, 2012, Weldon filed a complaint against Loomis. Rec. doc. 1. After Loomis answered and the case was set for trial, Weldon was granted leave to amend to add Anadarko Petroleum Corporation ("Anadarko"), whose representative was on the rig at the time of the accident. Rec. doc. 13. The trial was reset for March 10, 2014. Rec. doc. 20.

Anadarko filed a motion for summary judgment on liability which was briefed. Rec. docs. 27, 29, 33 and 42. It is pending and set for June 14, 2014. Rec. doc. 71.

On February 4, 2014 there was a settlement conference. The District Judge was notified that the case had settled. Rec. doc. 43. An order of dismissal was signed. Rec. doc. 44. Weldon's motion to dismiss Loomis with prejudice was granted. Rec. doc. 46. The transcript of

the February 4 settlement was filed in the record. Rec. doc. 47. There was a follow-up settlement conference on March 11, 2014. Rec. doc. 48.

Weldon and Anadarko moved to reopen the case. Rec. docs. 49 and 51. Weldon moved to enforce the settlement. Rec. doc. 53. Cudd moved for leave to intervene. Rec. doc. 56. The District Judge granted the motions to reopen the case. Rec. doc. 60. The motion for leave to intervene was denied. Rec. doc. 73.

## FEBRUARY 4 SETTLEMENT

The attorneys participating in the February 4 settlement conference were counsel for Weldon and Loomis. Counsel for Anadarko did not participate in the settlement conference. Prior to the conference, counsel for Anadarko confirmed with the undersigned that it would pay $25,000 in return for a release of all claims by all parties.

After negotiations, the undersigned reported that a settlement was reached in the case. Rec. doc. 47 at 3. Weldon's counsel reported that he was willing to accept $1.4 million to settle all claims against Loomis and $25,000 to settle all claims against Anadarko. Id. at 4. Weldon would execute a release of all claims against all defendants including without limitation Anadarko and Loomis. Id. Counsel for Loomis did not make any statement reserving any claims, including any claims against Anadarko.

Weldon was on notice of a lien by his employer, Cudd, or its insurance carrier. As part of the settlement agreement Weldon "will be responsible for satisfaction of that lien. . . ." Id. at 4-5.

The undersigned confirmed with the plaintiff that he agreed to settle his claims against Anadarko for $25,000, and that he was waiving all claims against Anadarko for $25,000. Id. at 7.

## MOTION TO ENFORCE SETTLEMENT

Weldon contends that while Anadarko agreed to pay $25,000 in settlement of his claims, it refuses to tender the funds. Rec. doc. 53 (Memorandum). Anadarko reports that when Loomis prepared the settlement papers, it sought to preserve its claims for defense and indemnity against Anadarko and that is unacceptable to Anadarko.

Weldon brought his complaint in federal court based on diversity jurisdiction. 28 U.S.C. § 1333. Under Louisiana law a settlement agreement must be reduced to writing in order to be enforceable. Felder v. Georgia Pacific Corp., 405 So.2d 521 (La. 1981) See also La. Civ. Code Art. 3071.

There was no settlement with Anadarko. Its offer was premised on a three-way settlement, where for $25,000 all claims against it by all parties would be released. For reasons known only to himself, counsel for Loomis did not report that it was reserving its rights against Anadarko when the parties described the settlement on the record. Because Loomis now refuses to release its claims against Anadarko, there was no agreement among the parties to settle all claims by all parties against Anadarko.

## RECOMMENDATION

Accordingly, for the reasons described herein and for the reasons stated by Anadarko in its opposition to the motion to enforce settlement (Rec. doc. 65);

IT IS RECOMMENDED that Weldon's motion to enforce settlement agreement/for attorneys fee and cost (Rec. doc. 53) be DENIED.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14)

calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

    New Orleans, Louisiana, this 14th day of May, 2014.

                                                     **SALLY SHUSHAN**
                                                     **U.S. Magistrate Judge**